**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DAVID INVICTUS WHEELER**                                                                                   **PLAINTIFF**

**V.**                                                        **NO. 2:12CV00128-MPM-JMV**

**DOTTIE COLLINS**                                                                               **DEFENDANT**

## **REPORT AND RECOMMENDATION**

This *in forma pauperis* case is before the court *sua sponte* for consideration of dismissal.[1]

By Order [# 4] dated August 1, 2012, the court granted the *pro se* plaintiff David Wheeler's motion [# 2] for leave to proceed *in forma pauperis* in this action. However, the court further determined that the Complaint was deficient. Specifically, though the Complaint references certain property located in Greenville, Mississippi, the exact nature of the dispute is unclear because the allegations of the Complaint are–in large part–virtually incomprehensible. The Complaint makes repeated reference to the "constitutionality" of a "Declaration of Land Patent," but contains no clear statement of facts, including what injury the plaintiff has suffered and the defendant's involvement therein. Moreover, in further violation of Rule 8 of the *Federal Rules of Civil Procedure*, the Complaint contains no adequate statement of the basis for the court's jurisdiction over the matter. The Complaint simply states that Wheeler is a resident of Bolivar County, Mississippi. Since federal courts are courts of limited jurisdiction and have only such power to decide cases as is given them by Congress, *see Sarmiento v. Texas Board of Veterinary Medical Examiners,* 939 F.2d 1242, 1245 (5th Cir.1991), this court cannot determine whether this

---

[1] Title 28 U.S.C. § 1915(e) by its very terms authorizes the court to *sua sponte* dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

is one of that limited class of cases over which it has authority.

By that August 1 Order, the court granted Wheeler 14 days to amend the Complaint to cure the noted deficiencies. When Wheeler failed to timely file an amended Complaint, the court issued a Show Cause Order [# 5] that granted Wheeler seven days to show why this case should not be dismissed. It has now been more than seven days since entry of that Order, and Wheeler has yet to respond. Therefore, it is my recommendation that the *in forma pauperis* Complaint be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 19th day of September, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE